IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOBY POPE,

    Petitioner,                      No. 2:09-cv-0718-JFM (HC)

    vs.

PEOPLE OF THE STATE
OF CALIFORNIA,

    Respondents.                 ORDER

/

        On March 26, 2009, petitioner filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On May 6, 2009, petitioner was ordered to show cause in writing why this action should not be dismissed without prejudice based on petitioner's failure to file a petition for writ of habeas corpus and pay the filing fee or file an application to proceed in forma pauperis.

        However, May 4, 2009, petitioner filed a motion to proceed in forma pauperis, which was docketed on May 5, 2009. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        On May 12, 2009, petitioner filed a response to the order to show cause. Petitioner apologized for filing the motion to extend time, and states he still has unexhausted

1

state claims. Petitioner's state habeas petition was denied by the Sacramento County Superior Court on May 4, 2009.[1] Petitioner avers that once he has exhausted all his state court remedies, he will file a petition for writ of habeas corpus in federal court.

As explained in this court's March 27, 2009 order, this court will not issue any orders granting or denying relief until an action has been properly commenced. Because petitioner has not filed a habeas corpus application, this action must be dismissed.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted; and

2. This action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Local Rule 11-110.

DATED: July 9, 2009.

UNITED STATES MAGISTRATE JUDGE

001; pope0718.dsm

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).